MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: npodgurski@donahuehorrow.com

Attorneys for Plaintiff, RICHARD J.
LEUNG, MD

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. LEUNG, MD<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:22-cv-00767-W-JLB<br><br>**PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSE BY DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET NO. 3)**<br><br>Magistrate Judge Jill L. Burkhardt |

This Motion to Compel Defendant Unum Life Insurance Company of America ("Unum") to provide further responses to Plaintiff Richard J. Leung, M.D.'s ("Dr. Leung") Request for Production of Documents (Set No. 3) is submitted pursuant to this Court's January 5, 2023 Minute Order:

# I.    INTRODUCTION AND BACKGROUND

This is an insurance bad faith case where Unum denied Dr. Leung lifetime monthly disability insurance benefits. There is no dispute that Dr. Leung is disabled, rather the dispute is whether his disability is due to a sickness vs. an accident. Unum relies on the opinions of a third party medical review company, Dane Street, and the physicians it hires to render opinions, for its denial. Dane Street's physicians, Marvin Friedlander. M.D. and Steven Milos, M.D., opined that Dr. Leung's disability was due to a sickness and no lifetime benefits are payable.

Unum outsourced its non-delegable responsibility to investigate the medical basis for its insureds' disability claims to third-party Dane Street and the physicians it hires and therefore, Dr. Leung served discovery aimed at uncovering Unum and Dane Street's long-standing, ongoing and substantial relationship with each other, and Dane Street's long-standing, ongoing and substantial relationship with Dr. Friedlander and Dr. Milos. This discovery is aimed at discovery regarding bias, relevant to Plaintiff's claim for breach of the implied covenant of good faith and fair dealing.[1] See, e.g., *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 832 (2003) ["*Black & Decker*"] ("[P]hysicians repeatedly retained by benefits plans [and insurance companies] may have an incentive to make a finding of `not disabled' in order to save their employer money and to preserve their own consulting arrangements.")

Given the relationship between Unum and Dane Street, it is no surprise that Unum denied Dr. Leung's lifetime disability benefits based on the opinions of the physician's hired by Dane Street that his disability was due to a sickness and not an accident.

---

[1] While Unum and Dane Steet have refused to produce any verified documents evidencing their ongoing, long-standing, and substantial relationship, Dane Street has confirmed *informally* that Dr. Milos was hired by Dane Street **739 times** from 2018-2021 to provide services regarding Unum's insureds. Dane Street's in-house counsel provided this information informally to Dr. Leung's counsel and Dr. Leung's counsel requested that this information be produced, under oath, such as in a simple declaration verifying the information. At issue in this motion is the discovery that closes this gap, the number of times and payments between Dane Street and Unum.

1      The Requests at issue here require the production of documents (or in lieu of

2 documents, Dr. Leung has agreed to accept a declaration or verified summary setting

3 for the data) going to the issue of Dane Street's bias and the credibility of the opinions

4 of the doctors it hired to review Dr. Leung's medical records: <u>Request No. 53</u> – Unum's

5 billing documents or other financial writings that indicate the number of times (in yearly

6 or monthly summaries) that Unum hired Dane Street from 2016-2021; and <u>Request No.</u>

7 <u>54</u> – All 1099-MISC and/or W-9 forms issued by Unum to Dane Street from 2016-2021

8 for services provided to Unum. [See, Exhibit A attached hereto.]

9      Unum responded with boilerplate objections, which are improper,[2] and refused

10 to produce responsive documents. [See, Exhibit A attached hereto.]

11      Discovery into the potential bias of Dane Street is necessary and proper. *See*

12 *United States v. Abel,* 469 U.S. 45, 52 (1984) ["Proof of bias is almost always relevant

13 because the jury, as finder of fact and weigher of credibility, has historically been

14 entitled to assess all evidence which might bear on the accuracy and truth of a witness'

15 testimony."] The documents requested are relevant to this lawsuit and go to the bad

16 faith of Unum (by hiring Dane Street) in obtaining and offering medical opinions that

17 are biased or not supported by the facts, but written to support a denial. See, e.g.,

18 *Hangarter v. Provident Life and Acc. Ins. Co*., 373 F. 3d 998, 1009-1010 (9th Cir. 2004)

19 ["[A] jury's finding that an insurer's investigation of a claim was **biased** may preclude

20 a finding that the insurer was engaged in a genuine dispute, even if the insurer advances

21 expert opinions concerning its conduct. . . . **An insurer's bias may be shown through**

22 **the following factors**: ¶ **The insurer dishonesty selected its experts** [or] ¶ The

23 insurer's experts were unreasonable. . . ." *Id.* (emphasis added, citations omitted.)

24      Unum should be compelled to produce all responsive documents. Alternatively,

25 during the meet and confer process, Plaintiff offered to accept a declaration under oath

26 setting forth the requested information.

27

28

---

[2]See, e.g., *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006).

– 2 –

## II. THE SPECIFIC DISCOVERY REQUEST AT ISSUE AND RESPONSE

At issue in this Motion to Compel are Unum's Responses to Plaintiff's Request for Production No. 53 and No. 54 and Unum's Responses. [See, Plaintiff's Request for Production of Documents (Set Three) and Defendant's Responses thereto, **Exhibit 1** attached hereto.]

### REQUEST FOR PRODUCTION NO. 53:

YOUR billing DOCUMENTS or other financial writings that indicate the total number of times (in yearly or monthly summaries) that YOU hired Dane Street – A Medical Review Company from 2016-2021. (Personal identifying information of other insureds should be redacted if applicable).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 53:

Defendant objects to this request on the grounds set forth in the General Objections and further objects on the grounds that: (1) it is vague and ambiguous, particularly as to the phrase "your billing DOCUMENTS or other financial writings" as it does not state with reasonable clarity the documents sought; (2) it is overly broad in time and scope, particularly since Plaintiff did not submit his claim until June of 2020; (3) it seeks documents that are not relevant to the claims or defenses of any party to this litigation and it is not proportional to the needs of the case. Furthermore, it seeks documents that were not considered in the evaluation of Plaintiff's claim; (4) given the breadth of the request and in conjunction with the vague and ambiguous objection, Defendant further objects to this request: (i) to the extent this request encompasses post litigation documents that would be protected by the attorney-client privilege and/or work product doctrine; (ii) to the extent it seeks to discover confidential business records, private employment information of third parties to this lawsuit which may not be disclosed without infringing on a third-party's privacy rights; and (iii) to the extent Defendant is unable to assess burden, if any, and proportionality.

### REQUEST FOR PRODUCTION NO. 54:

All 1099-MISC and/or W-9 forms issued to Dane Street – A Medical Review Company by YOU, from 2016-2021 for services provided to DEFENDANT.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 54:

Defendant objects to this request on the grounds set forth in the General Objections and further objects on the grounds that: (1) it is overly broad in

DONAHUE & HORROW LLP

DONAHUE & HORROW LLP

time and scope; (2) it seeks documents that are not relevant to the claims or defenses of any party to this litigation and it is not proportional to the needs of the case. Furthermore, it seeks documents that were not considered in the evaluation of Plaintiff's claim; and (3) given the breadth of the request, Defendant further objects to this request: (i) to the extent this request encompasses post litigation documents that would be protected by the attorney-client privilege and/or work product doctrine; (ii) to the extent it seeks to discover confidential business records.

1. Unum's Boilerplate Objections Are Improper

FRCP 34(b) requires a party objecting to a discovery request to include the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(B). Boilerplate objections are improper in federal court. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as `overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections," and "boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.");. Exclusive reliance on boilerplate objections waives any legitimate objection that could have been raised. *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013). Further, the burden lies on the objecting party "to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.,* 189 F.R.D 281, 283 (C.D. Cal. 1998.)

Unum's boilerplate objections do not meet the specificity standard required by the FRCP 34. Given the non-compliant nature of Unum's discovery objections and its failure to amend them, Unum's objections should be considered waived and it should be compelled to produce the requested documents.

Further, even if the documents requested are confidential or private, that does not mean that they are not discoverable. FRCP 45(d)(3)(C). Plaintiff has a substantial need for the requested documents reflecting the number of times Unum has hired Dane Street and the amount of money that Unum has paid to Dane Street to show that there is an inherit conflict between these two entities and an incentive to provide opinions in

Unum's favor. These documents are necessary to support Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and to show that Unum engaged in a biased investigation into Plaintiff's claim. Dane Street's objections should be overruled and production of the documents should be ordered. In regards to Unum's confidential, privacy and trade secrets objections, there is already a strong protective order in place to ally such concerns.

Finally, during the meet and confer process Plaintiff offered to accept a declaration or affidavit under oath specifying the requested information, in lieu of the production of documents, in order to address Unum's other objections and concerns as follows: the total number of times (in yearly or monthly summaries) that Unum hired Dane Street; and the total dollar amount that Unum paid to Dane Street from 2016-2021 (in yearly or monthly summaries) for services provided to Unum.

## III.   UNUM AND DANE STREET'S BIAS, AND THE CREDIBILITY OF THE OPINIONS OF THE DOCTORS IT HIRED, ARE RELEVANT AND THE DISCOVERY IS PROPORTIONAL TO THE NEEDS OF THE CASE

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Evidence is relevant if it has "any tendency" to make a fact that is of consequence in determining the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401.

The United States Supreme Court has explained that a "successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the [decision-maker] than it would be without such testimony." *See United States v. Abel,* 469 U.S. 45, 51 (1984). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *See Abel,* 469 U.S. at 52.

DONAHUE & HORROW LLP

DONAHUE & HORROW LLP

The potential bias of Unum and/or Dane Street in obtaining and offering medical opinions that are not reasonably supported by the facts, but were instead offered to support Unum's ability to deny Plaintiff's claim, is relevant to both Plaintiff's cause of action against Unum for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. As stated by the Ninth Circuit in *Hangarter v. Provident Life and Acc. Ins. Co*., 373 F. 3d 998, 1009-1010 (9th Cir. 2004):

> A cause of action for breach of the implied covenant of good faith and fair dealing in the insurance context is characterized as insurance bad faith, for which a plaintiff may recover tort damages. "The key to a bad faith claim [under California law] is whether or not the insurer's denial of coverage was reasonable. . . .
>
> . . . [A] jury's finding that an insurer's investigation of a claim was **biased** may preclude a finding that the insurer was engaged in a genuine dispute, even if the insurer advances expert opinions concerning its conduct. . . . 'Our decision does not eliminate bad faith claims based on an insurer's allegedly biased investigation. Expert testimony does not automatically insulate insurers from bad faith claims based on **biased investigations**.' **An insurer's bias may be shown through the following factors**: ¶ **The insurer dishonestly selected its experts** [or] ¶ The insurer's experts were unreasonable. . . ." *Id.* (emphasis added, citations omitted.)

Further, as recognized by the United States Supreme Court, "physicians repeatedly retained by benefits plans [and insurance companies] may have an incentive to make a finding of `not disabled' in order to save their employer money and to preserve their own consulting arrangements." *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 832 (2003).[3]   These cases show that Plaintiff's requests are proportional to the

---

[3] *See, also, Davidson v. Ascension Long-Term Disability Plan*, No. 4: 17CV995 CPD (E.D. Mo. Oct. 16, 2017); *Heartsill v. Ascension Health Alliance*, No. 4: 17CV00155 (E.D. Mo. 11, 2017); *Duncan v. Anthem Life Insurance Company*, No. 20-CV-JPG (S.D. Ill. Apr. 2, 2021) [each ordered production of documents by Dane Street similar to those requested here.].

Each of these cases were decided in the ERISA context, where "courts *generally do not allow the parties . . . to obtain additional discovery*." *Atkins v. Prudential Ins. Co.,* 404 Fed. App'x 82, 84-85 (8th Cir. 2010)(emphasis added). Thus, the fact that the plaintiffs in these cases were allowed to conduct additional discovery as to the issue of bias, and that Dane Street was ordered to produce documents going to the issue of bias, makes clear that such discovery is clearly appropriate in this non-ERISA action, governed by

needs of the case. Discovery into the potential bias of Dane Street, and the physicians it hires to review Unum's insured's medical records, is necessary and proper.

1. <u>The Possibility of Bias on the Part of Unum, Dane Street, and the Physicians is Supported by Evidence Previously Obtained by Plaintiff</u>

As documented below, the potential bias of Unum, Dane Street, and Dr. Friedlander and Dr. Milos is not based on pure speculation. Nor is this a fishing expedition by Plaintiff. Rather, Plaintiff obtained independently other information regarding their potential bias during litigation, and now needs these additional documents to confirm those findings and also to learn the full extent to which their medical opinions may have been improperly influenced by financial decisions.

**a. Marvin B. Friedlander, M.D.'s Documented History of Dishonesty**

Unum selected Dane Street to conduct the very medical review it relied upon to deny Dr. Leung's lifetime benefit. Dane Street selected Marvin Friedlander, M.D. – a physician whose independence and veracity is at issue – for this opinion.

Marvin Friedlander, M.D., is a neurosurgeon and, importantly, is not truly independent, as he is a Medical Director of third-party Dane Street, LLC. Dr. Friedlander has a documented history of dishonesty, which calls into question, not only his opinion regarding Dr. Leung, but also Dane Street's decision to both keep him on as a Medical Director, and to have him offer opinions to Unum – the opinion that Unum ultimately relied on in denying Dr. Leung's claim.

On May 14, 2021, Unum represented to Plaintiff that it was "referring your file to an independent physician who specializes in neurosurgery for review." Similarly, on June 16, 2021, Unum represented to Plaintiff that "[a] reasonable and thorough

---

the ***broad scope of discovery allowed under FRCP 26***.

See, also, see, also, *Demer v. IBM Corp. Ltd Plan*, 835 F. 3d 893, 901 (9th Cir. 2016) ("reliance on the reports of its retained experts [independent physician consultants] who have a financial incentive to make findings favorable to MetLife may warrant skepticism").

investigation was done which included review of your medical records . . . completed by . . . another independent physician on appeal who is board certified in neurological surgery." That supposedly "independent physician" was Dr. Friedlander, a medical director of Dane Street, LLC, who is clearly not "independent." None of this information was told to Dr. Leung during the handling of his claim.

Dr. Friedlander reviewed Plaintiff Richard J Leung's medical file and prepared two "Paper Independent Medical Exams"[4] ("IME") of Plaintiff's medical records. Dr. Friedlander's IMEs formed a basis for Unum's determination that Plaintiff's disability was a result of "sickness" and not an "accident."

The relevancy of the requested documents to show bias in the form of financial incentives to render opinions favorable to Unum is confirmed by Dr. Friedlander's documented history of making false representations to optimize the revenue of health organizations owned by him. On November 24, 2014, Dr. Friedlander's medical license was "suspended, for a period of three (3) years, the entirety to be stayed and served as a period of probation" by the New Jersey State Board of Medical Examiner. **Exhibit 2**. The Board concluded that Dr. Friedlander:

> "engaged in, or condoned his agent to engage in on his behalf, **a pattern of misrepresentation in order to optimize a revenue source from a succession of . . . health care service entities in which he or his then wife owned significant beneficial interest**. . . . [Dr. Friedlander] is a sophisticated, highly educated practice and business owner who perpetrated this misrepresentation and unprofessional conduct when he was a seasoned licensee. . . . We find this conduct warrants a . . . significant sanction. . . ." [*Id.* at pp. 13-14.][5]

---

[4] Neither Dr. Friedlander nor Dr. Milos talked to or examined Plaintiff personally, but only prepared "paper" reviews of his medical file.

[5] In addition to the three year suspension, the Board ordered Dr. Friedlander to (1) "demonstrate full attendance and satisfactory completion of an ethics course pre-approved by the Board", (2) "employ a Board approved business monitor to oversee the business operations of any health care service entity he acquires a financial interest in", (3) pay a civil penalty in the amount of $80,000, and (4) pay costs and attorney's fees in the amount of $147,635.63. [*Id.* at pp. 19.]

DONAHUE & HORROW LLP

Given Dr. Friedlander's history of making significant misrepresentations in order to "optimize" the revenue of his health care businesses, and his current position as a Medical Director of Dane Street, the financial documents requested by Plaintiff are clearly relevant and discoverable and go to the issue of not only Dr. Friedlander's bias and credibility, but also Dane Street's and Unum's.

b. **Steven Milos, M.D.'s Significant Relationship with Unum and Dane Street**

Plaintiff has also obtained some information regarding Dr. Milos's potential bias during discovery; that is his long, significant relationship with Dane Street and Unum, and needs the additional documents to both confirm those finding and also to learn the full extent of that relationship.

Dr. Milos reviewed Plaintiff 's medical file and prepared two "Designated Medical Officer (DMO) Review Responses" for Dane Street on behalf of Unum. These documents formed a basis for Unum's determination that Plaintiff's disability was a result of "sickness" and not an "accident." [*Id.*]

As stated previously, Dane Street has informally confirmed that Dr. Milos was hired by Dane Street **739 times** from 2018-2021 to provide services regarding Unum's insureds. Given this significant relationship, Unum should be ordered to produce all documents responsive to document production requests, which then show the financial relationship between Unum and Dane Street.

## IV. CONCLUSION

The Requests at issue here are narrowly tailored and require the production of documents (or declaration) that will show the true extent of the relationship between Unum and Dane Street, the potentially biased investigation by Unum of Plaintiff's disability claim, through the hiring of Dane Street, Dr. Friedlander and Dr. Milos, and the financial incentives to make disability findings favorable to Unum. This will support Plaintiff's argument that where an expert physician or the third-party vendor who supplies that physician, has a longstanding relationship with or receives substantial

compensation from an insurance carrier, and renders opinions in their favor, such evidence is important in accessing their bias and credibility. Evidence of bias is relevant and discoverable and Unum should be ordered to either produce all responsive documents or to submit a declaration or affidavit under oath setting forth the information sought by the Requests.

Dated: January 20, 2023                    DONAHUE & HORROW, LLP

By:  _/s/ Nichole D. Podgurski_____
Nichole D. Podgurski, Esq.
Attorney for Plaintiff

**CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION**

Pursuant to Local Rule 26.1, I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.