Daniel W. Maguire (SBN 120002)
E-mail: dmaguire@bwslaw.com
Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA  90071-2953
Tel:  213.236.0600      Fax:  213.236.2700

Attorneys for Defendant
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. LEUNG, MD,<br><br>       Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 to 10, inclusive,<br><br>       Defendants. | Case No. 3:22-cv-00767-W-JLB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS (SET FOUR)** |

Defendant Unum Life Insurance Company of America ("Unum Life" or "Defendant") hereby submits its Opposition to Plaintiff's Motion to Compel a further response to his Request for Production of Documents (Set 4) [Dkt. 38].

///
///
///
///
///
///
///

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This lawsuit arises from a dispute over benefits under disability income insurance policies Unum issued to Richard J. Leung, M.D. ("Leung"), who claims to be totally disabled as of May 2020 due to purported accidents occurring as far back as 1982. Under the policies, benefits are payable to up to the longer of 24 months or Age 65 for disabilities due to sickness, and for an insured's lifetime for disabilities due to accident if disability starts prior to the Age 65 policy anniversary. Leung, on the cusp of his 65th birthday, submitted his claim to Unum, contending his disability resulted from accident due to claimed issues with his back and neck. Unum determined Leung's claim was due to sickness, and paid the maximum benefits for 24 months, accordingly. Leung has sued Unum for breach of contract and breach of the implied covenant of good faith and fair dealing, disputing Unum's claim determination on etiology. He also maintains he is totally disabled and entitled to continued benefits for his lifetime.

Through the instant motion, Leung seeks irrelevant and overbroad information concerning Dane Street, LLC, an independent medical exam and review provider that provided Unum with medical reviews for Leung's claim. Plaintiff's Requests Nos. 58, 59, 67, 68, and 76 seek documents purportedly mentioned in the Pilot Services Agreement with Dane Street. None of this information is probative. Plaintiff has failed to articulate how each request is relevant, not to mention what the documents are. Instead, Plaintiff relies on broad generalizations that "reports" somehow must demonstrate bias. This information is neither relevant nor likely to lead to the admissibility of evidence.

It should be noted that Leung has already taken the depositions of Unum's claims examiner and 30(b)(6) witness on the claim, the orthopedic surgeon, Philip Lahey, M.D., who performed the on-site physician ("OSP") review for the claim, as well as the physicians referred by Dane Street for the reviews on his claim,

neurosurgeon Marvin Friedlander, M.D., and orthopedic surgeon Steven Milos, M.D. Unum also provided the Dane Street invoices for the work performed on Leung's claim as well as Dane Street contract documents under the parties' protective order. Plaintiff has also noticed the deposition of Dane Street's 30(b)(6) witness and has received documents from Dane Street's subpoena production. [Dkt. 26-1 (Kojima Decl.), ¶11.] There is no need for this irrelevant and overbroad discovery.

The motion should be denied.

## II. STATEMENT OF FACTS

### A. The Disability Claim

From 1982 to 1996, Unum issued five disability income policies to Leung, which provide benefits to the age 65 policy anniversary or 24 months of benefits, whichever is later. Beyond that date, continuing total disability benefits are available for an insured's lifetime, if total disability is due to an accident, rather than a sickness, if total disability began prior to the age 65 policy anniversary. To qualify for total disability benefits under the Policies, an insured must be unable to perform his occupation due to sickness or injury with reasonable continuity.

In June 2020, Leung was just four months shy from his 65th birthday and had just sold his ophthalmology practice (he carried on in an employee role for a few months) when he submitted a disability claim to Unum, claiming to be disabled from his occupation as an ophthalmologist as of May 29, 2020 due to back and cervical issues. Leung maintained his disability was due to an accident, specifically a lumbar spine injury, sustained almost 40 years earlier in 1982 when he lifted a 300-pound patient as a surgery intern. Leung also premised his claimed disability on a November 1993 workout incident with his trainer. (Leung also relies on additional accidents – a February 1997 car accident and a "flare up" in May 2002 when he lifted a heavy box of surgical instruments.) Notably, Leung had been working throughout his whole career and decided to stop just before Age 65.

Unum investigated the claim, including obtaining medical records, to assess whether Leung met the definition of Total Disability under the policies. Unum determined that based on the information it had obtained/Leung had provided, restrictions and limitations were supported, thus benefits were initiated. Unum then investigated whether the disabling condition was caused by accident or sickness, and referred the claim for an etiology review. Dr. Lahey performed an On-Site Physician ("OSP") review, agreeing with Leung's physician, Dr. Moon, as to his restrictions and limitations but disagreeing as to etiology, concluding that Leung's current condition of degenerative disc disease of the cervical and lumbar spine is diffuse and that the etiology of his diagnosis is not the result of cervical and lumbar disc herniations. [Dkt. 26-2, Exh. "A" to Kojima Decl.] Unum referred a request for a Designated Medical Officer ("DMO") review to Dane Street, which was completed by Dr. Milos. Dr. Milos concurred with Dr. Lahey's opinion and found that it would be unreasonable to conclude that the L4-5 and C5-6 disc herniations caused the diffuse process that led to the current restrictions and limitations. [Dkt. 26-2, Exh. "B" to Kojima Decl.] Dr. Lahey subsequently issued an addendum following his review of Dr. Moon's response. [Dkt. 26-2, Exh. "C" to Kojima Decl.] Following review of additional medical records, Dr. Milos issued an additional DMO opinion, finding his opinion was unchanged. [Dkt. 26-2, Exh. "D" to Kojima Decl.] On March 24, 2021, Unum advised Leung of its determination that the etiology of his medical condition providing restrictions and limitations for his disability was sickness. Leung appealed Unum's decision through his letter dated April 8, 2021.

On appeal, Unum referred the claim to Dane Street for a paper IME medical review, which was conducted by Dr. Friedlander, who was asked to opine on etiology of Leung's claimed impairing lumbar condition, the relationship between the lumbar condition and the May 1982 reported injury, his claimed impairing cervical condition, and the relationship between the cervical condition and the

November 1993 reported injury.  On May 28, 2021, Dr. Friedlander issued his report, which detailed in depth his findings and conclusions.  [Dkt. 26-2, Exh. "E" to Kojima Decl.]  Dr. Friedlander found that the 1982 incident did not contribute to Leung's current impairment.  He noted the degeneration of Leung's lumbar spine at both L3/4 and L4/5, finding it was the result of aging.  Dr. Friedlander opined that if the prior injury had contributed to the current condition, there would have been a more rapid degeneration at L4/5 than L3/4.  The degeneration at L3/4 was rapidly progressive, whereas at L4/5 it was fairly slow.  With regard to the cervical spine, there were findings of disc bulges at C3/4 and C4/5 with varying degrees of degeneration throughout the cervical spine at the time of the original 1994 MRI.  The changes at C3/4 and C4/5 were pre-existing to the injury.  There were no significant progressive MRI changes at C5/6 the operated level.  Dr. Friedlander found that there was no significant contribution from the 1993 injury to the current impairing conditions.  [*Id*.]

Following its further review on appeal, Unum upheld its claim decision, advising in its June 16, 2021 letter that Leung's lumbar and cervical spine conditions are not due to injury, but due to sickness, thus his claims will continue to be administered under the sickness provision of the policies, payable for 24 months.  On September 2, 2021, Leung asked for an additional appeal, submitting a July 30, 2021 letter from his treating physician, Dr. Ostrup, which was reviewed by Dr. Friedlander.  [Dkt. 26-2, Exh. "F" to Kojima Decl.]  On September 23, 2021, Unum issued its decision on Plaintiff's re-appeal, upholding the denial.  This lawsuit followed.

**B.     The Discovery Dispute**

The Requests for Production:  On December 14, 2022, Plaintiff issued Requests for Production (Set Four) on Unum pertaining to Dane Street, which sought among other documents, the contract between Dane Street and Unum, the Dane Street invoices pertaining to Leung's claim, billing documents evidencing the

number of times Unum has hired Dane Street from 2016 to 2021 (Request No. 53), and all 1099-MIS and/or W-9 forms issued to Dane Street from 2016-2021 (Request No. 54).  <u>Request No. 58</u> seeks: "UNUM's Quality Assurance Tool as identified in the Statement of Work between Dane Street, LLC and UNUM (At LEUNG-RFP50-002, paragraph 1.11) in effect in 2020 to the present.  <u>Request No. 59</u> seeks: "UNUM's Quality Assurance Standards to Dane Street as identified in the Statement of Work between Dane Street, LLC and UNUM in effect from 2020 to the present (At LEUNG-RFP50-003)."  <u>Request No. 67</u> seeks "[A]ll monthly monitoring reports between May 2020 and January 2022 as identified in the Statement of Work (SOW) for Dedicated Medical Officer Review Services between Dane Street, LLC and UNUM."  <u>Request No. 68</u> seeks "[A]ll issues and Outcome Reports between May 2020 and Jan 2022 as identified in the Statement of Work (SOW) for Dedicated Medical Officer Review Services between Dane Street, LLC and UNUM."  <u>Request No. 76</u> seeks "[A]ll UNUM Companies Supplier Reports between Dane Street and UNUM as identified in the Statement of Work (SOW) for Dedicated Medical Officer Review Services between Dane Street, LLC and UNUM."

  <u>Defendant's Responses</u>:  On January 30, 2023, Defendant served its Responses to Plaintiff's Requests for Production (Set Four), objecting to the Requests at issue based in part on grounds of relevance, non-proportionality, overbreadth, particularly as to time and scope, and on the grounds they seek confidential business records of third parties.  [Dkt. 38-3]

  <u>Meet and Confer</u>:  The parties met and conferred and conducted informal conferences with the Court regarding Plaintiff's Requests for Production (Set Four). While the parties were able resolve certain items for this discovery set, the parties' dispute remains as to Requests for Production Nos. 58, 59, 67, 68, and 76.

///

///

### III. PLAINTIFF IS NOT ENTITLED TO A FURTHER RESPONSE

Requests for Production Nos. 58 – 59, 67 – 68, and 76 seek irrelevant, overbroad and non-proportional discovery pertaining to certain purported reports that are referenced in the Pilot Services Agreement entered into with Dane Street that was produced by Unum in discovery. Plaintiff has failed to articulate why these documents are potentially relevant, not to mention, proportional to this case. Plaintiff's generalized argument that these items are relevant to "bias" and "credibility" of the reviewing physicians does not suffice. Plaintiff's demands for various purported reports mentioned throughout the Pilot Services Agreement are irrelevant, overbroad, burdensome, and not probative of bias.

Plaintiff is trying to manufacture bias based on irrelevant information for which he has not specified any particularized need. Plaintiff instead broadly claims that he needs these documents because they are "embedded" within the Pilot Services Agreement and Statement of Work (which is a part of the Pilot Services Agreement). [Motion, p. 3.] It is unknown why Plaintiff refers to the documents as "embedded." They are not attachments. Nor are they part of the Pilot Services Agreement. Plaintiff speculates on the relevance of these purported documents, broadly maintaining that they would "reveal whether the checks and balances on Unum and Dane Street are actually being followed." [*Id*.] Plaintiff does not explain <u>how</u> the subject purported documents have any tendency in fact to support this contention. Plaintiff cites an example that Dane Street is required under the contracts with Unum to conduct background checks on the medical reviewers to make sure that the physician reviewers have "no adverse action taken by a regulatory agency or licensing authority." [*Id*.] He fails to articulate how the requested documents are relevant to this point.

Instead, Plaintiff's arguments are repeatedly full of generalities, vaguely alleging – without tying the discovery requests to any specific relevance – that the documents are necessary to inquire into issues of "bias" and "bad faith." The

following are just several examples of Plaintiff's superficial and overbroad arguments:

- "The potential bias of Unum and/or Dane Street in obtaining and offering medical opinions that are not reasonably supported by the facts, but were instead offered to support Unum's ability to deny Plaintiff's claim, is relevant to both Plaintiff's cause of action against Unum for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing."  [*Id.* at p. 7.]
- "Discovery into the bias of Dane Street, and the physicians it hires to review Unum's insured's medical records, is necessary and proper." [*Id.* at p. 8.]
- "Plaintiff has obtained other information regarding their [Unum, Dane Street, and Dr. Friedlander and Dr. Milos] bias during litigation, and now needs these additional documents to verify and further validate those findings and also to learn the full extent to which their medical opinions have been improperly influenced by financial decisions."  [*Id.* at p. 8.]
- "[T]he documents requested go to the issue of not only Dr. Friedlander's bias and credibility, but also the credibility of Dane Street and Unum." [*Id.* at p. 10.]

Plaintiff fails to meet his burden to demonstrate specifically how the requested documents are relevant to bias. *See, e.g. Santiago v. Geo Grp., Inc.*, No. EDCV162263DOCKKX, 2017 WL 6509228, at *4 (C.D. Cal. Dec. 20, 2017) (plaintiff failed to satisfy his burden of explaining how the requested discovery is relevant to his claims – plaintiff failed to articulate relevance); *Cole v. Adam*, No. 17-05691 BLF (PR), 2019 WL 1048251, at *3 (N.D. Cal. Mar. 4, 2019) (motion to compel denied where relevance was based on conclusory assertions).  Other than mentioning that the documents are purportedly referred to in the Pilot Services

Agreement, Plaintiff makes no effort to describe the context of these terms to demonstrate how they are even remotely connected to bias.[1]

For example, for Request No. 58, Plaintiff does not explain the reference to the "Quality Assurance Tool" in relation to the Pilot Services Agreement. For No. 59, Plaintiff claims there is a term "Quality Assurance Standards," but this phrase is not capitalized or defined in the Pilot Services Agreement, thus it is incorrect to indicate there is a specific document that Unum is not producing. Nor is there a term "monthly monitoring report" or even "monthly monitoring" or "monitoring report" in the Pilot Services Agreement, including the Statement of Work. [RFP No. 67.] The Pilot Services Agreement contains a reference to monthly invoices, but Plaintiff has articulated no need for such overbroad, irrelevant, and non-proportionate discovery on <u>invoices</u> regarding <u>payment for other claims</u> (Unum already produced the invoices for Plaintiff's claim) nor has he addressed this point at all. For Request No. 68, the "issues and outcome report" as reflected in the Pilot Services Agreement refers to completed inventory, and is not only irrelevant, but is overbroad and not proportional, to the extent such reports exist in written form. Likewise, Plaintiff provides no explanation as to why "supplier reports" are relevant, which again concern the monthly invoices submitted to Unum. [Request No. 76.] Plaintiff does not articulate a need for any of this information or even attempt to put it into context. The production of monthly invoices as to Dane Street beyond Plaintiff's claim is also clearly overbroad, not to mention not discussed by Plaintiff.

Moreover, Plaintiff's request for yet additional documents regarding Dane Street should be evaluated in the context of discovery Plaintiff already obtained. Unum has already produced the amount of compensation paid to Dane Street for the medical reviews performed on his claim. [LEUNG_RFP52_0001 – 0004.]

---

[1] Defendant requests a brief opportunity to respond if Plaintiff alleges new arguments or information on reply.

Plaintiff has also deposed Dr. Friedlander and Dr. Milos, where he had the opportunity to question these physicians directly as to issues of their credibility, payment for their work on the Leung claim, payment from Dane Street, and purported bias issues with respect to their reviews. Dane Street produced documents and information under a subpoena issued to it regarding Unum. Dane Street's 30(b)(6) witness is also being deposed by Plaintiff. Plaintiff is free to challenge Drs. Milos and Friedlander's findings on their merits – that is an issue of dispute in this litigation. However, tangential, irrelevant information to attempt in the guise of a bias argument based on irrelevant and overbroad documents mentioned in the Pilot Services Agreement is unnecessary.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that Plaintiff's motion to compel be denied in its entirety.

DATED: April 13, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Keiko J. Kojima*
　　DANIEL W. MAGUIRE
　　MICHAEL B. BERNACCHI
　　KEIKO J. KOJIMA
　　Attorneys for Defendant
　　Unum Life Insurance Company of America