# Exhibit 1

# United States District Court
for the
Southern District of California

| | |
|---|---|
| Richard J. Leung, M.D. <br> _____ <br> *Plaintiff* <br> v. <br> Unum Life Insurance Company of America, et al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 3:22-cv-00767-W-JLB <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:    CUSTODIAN OF RECORDS OF: Cary D. Alberstone, M.D., 1700 N. Rose Avenue, Suite 250, Oxnard, CA 93030
       Ph: (805) 983-1700

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment to Subpoena in a Civil Case.

| Place: <br> Titan Legal Services, Inc. <br> 2050 W. 190th Street, Suite 200 <br> Torrance, CA 90504 | Phone: (310) 464-8655 | Date and Time: <br> 1/3/2023 10:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena, and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Date: December 12, 2022**

CLERK OF COURT

| _____ <br> *Signature of Clerk or Deputy Clerk* | OR | /s/ Keiko J. Kojima, Esq. <br> *Attorney's signature* |
|---|---|---|

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Defendant, Unum Life Insurance Company of America, who issues or requests this subpoena, are:

Keiko J. Kojima, Esq. SBN:206595
Burke, Williams & Sorensen, LLP
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 236-0600
E-Mail: KKojima@bwslaw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:22-cv-00767-W-JLB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **Cary D. Alberstone, M.D.**
on *(date)* **12/12/2022**

☑ I served the subpoena by delivering a copy to the named individual as follows: **1700 N. Rose Avenue, Suite 250, Oxnard, CA 93030** _Lucille L._ on *(date)* _12/19/22_

☐ I returned the subpoena unexecuted because ;

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$

**My fees are $ _____ for travel and $ _____ for services, for a total of $ _____**

**I declare under penalty of perjury that this information is true.**

Date: _12/19/22_

Server's signature

Tony Phlapn / Field Agent
Printed name and title

2650 W. 190th St. #200
Torrance, CA. 90504
Server's Address

*Additional information regarding attempted service, etc:*

Case Number: 3:22-cv-00767-W-JLB

Case Name: Richard J. Leung, M.D.
vs.
Unum Life Insurance Company of America, et al.

# ATTACHMENT TO SUBPOENA IN A CIVIL CASE

The records to be produced are described as follows:

Any and all medical records, files, reports, correspondence, itemized billing records and payment records (proof of amounts paid), communications with insurance carriers, and any and all radiological films and film breakdown, including but not limited to any x-rays, MRI's, CT Scans, Bone Scans, Nerve Conduction Studies EMGs, CT Myelograms, Diskograms, etc., whatsoever relating to any care, treatment, diagnosis, prognosis, consultation and/or findings. Documents should also include, but not be limited to, any and all emergency room records, nurses notes, SOAP notes, operative reports, radiology reports, pathology reports, all test and test results, medication records, physical and/or occupational therapy records, workers' compensation records, sign-in sheets, color photographs, patient information sheets, handwritten notes, transcriptions, prescriptions, telephone messages, insurance records, electronic media and any documents in the file from other health care providers, from any and all times to the present date pertaining to Richard J. Leung; DOB: 10/14/1955; SS#: 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.

**Federal Rule of Civil Procedure 45 (c),(d) and (e) (Effective 12/1/13)**

**(c) Place of Compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    *(i)* is a party or a party's officer; or
    *(ii)* is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    *(i)* At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    *(ii)* These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    *(i)* fails to allow a reasonable time to comply;
    *(ii)* requires a person to comply beyond the geographical limits specified in Rule 45(c);
    *(iii)* requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    *(iv)* subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is requried may, on motion, quash or modify the subpoena if it requires:
    *(i)* disclosing a trade secret or other confidential research, development, or commercial information; or
    *(ii)* disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    *(i)* shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    *(ii)* ensures that the subpoenaed person will be reasonably compensated.

**(e) DUTIES IN RESPONDING TO A SUBPOENA.**

**(1) Producing Documents or Electronically Stored Information.**
These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    *(i)* expressly make the claim; and
    *(ii)* describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) CONTEMPT.** The court for the district where compliance is required-and also, after a motion is transferred, the issuing court-may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

```
 1  Keiko J. Kojima, Esq. (SBN: 206595)
    Burke, Williams & Sorensen, LLP
 2  444 S. Flower Street, Suite 2400
    Los Angeles, CA 90071
 3  Phone: (213) 236-0600  Fax: (213) 236-2700
    E-Mail: KKojima@bwslaw.com
 4
 5  Attorney for Defendant, Unum Life Insurance Company of America
```

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard J. Leung, M.D.<br><br>Plaintiff(s)<br><br>vs.<br><br>Unum Life Insurance Company of America, et al.<br><br>Defendant(s) | Case No. 3:22-cv-00767-W-JLB<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS FOR CARY D. ALBERSTONE, M.D.**<br><br>Date: January 3, 2023<br>Time: 10:00 AM<br>Production<br>Address: Titan Legal Services, Inc.<br>2050 W. 190th Street, Suite 200<br>Torrance, CA 90504 |

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORDS WITH RESPECT TO THE FOLLOWING CUSTODIAN / DEPONENT:

Cary D. Alberstone, M.D.
1700 N. Rose Avenue, Suite 250
Oxnard, CA 93030

**PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure, Rule 45(a)(4), the Attorney(s) for the above Defendant, has issued a subpoena to produce documents, information, or objects to the Custodian or Deponent listed above. A complete copy of the subpoena is attached, hereto.

Dated: December 12, 2022            Signed: _____/s/ Keiko J. Kojima, Esq._____

                                                                Attorney for Defendant, Unum Life Insurance Company of America

- 1 -

SU384443-11/A088D

# Proof of Service

I, Trixie Estanislao, and any employee retained by Titan Legal Services, Inc., am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action, my business address is **2050 W. 190th Street, Suite 200, Torrance, CA 90504.**

On **December 12, 2022** I served the foregoing documents described as:

**NOTICE OF ISSUANCE OF SUBPOENA FOR PRODUCTION OF DOCUMENTS, INFORMATION, OR OBJECTS OF CARY D. ALBERSTONE, M.D.;
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION (with Attachment);**

to interested parties on this action

[XX]    by placing the true copies thereof enclosed in a sealed envelope addressed as follows:

Donahue & Horrow, LLP
Nichole D. Podgurski, Esq./Michael B. Horrow, Esq.
1960 E. Grand Avenue, Suite 1215
El Segundo, CA 90245


[XX]    **VIA U.S. MAIL**
As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully paid at Torrance, California, in the ordinary course of business.


Executed on December 12, 2022, at Torrance, CA.


[XX]    (Federal) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.


Signed: _____
Trixie Estanislao