# Exhibit 4

# Expert Report

Richard J Leung MD v Unum Life Insurance Company of America

Laura B Parker, CLU®, ChSNC®, CDMS
Seacoast Benefits LLC
4-10-2023

and that his long-standing chronic and intermittent symptoms have been present ever since those injuries.

In addition to Dr. Alberstone's August 9, 2022 is his Supplemental Report dated February 16, 2023. In that report, Dr. Alberstone has indicated that he has reviewed Dr. Leung's file from the US Department of Labor consisting of 4157 pages of documents including records and examinations from Drs. Einbund and Ostrup as well as multiple imaging studies from 1985 through 2021. Dr. Alberstone has noted that none of the physicians who reviewed Dr. Leung's file on Unum's behalf (Drs. Friedlander, Lahey and Milos) had reviewed Dr. Leung's films. Clearly, the decision made as to the etiology of Dr. Leung's impairment has been made without the review of all available information even though Unum knows that this additional documentation exists. It has simply chosen not to consider this additional medical documentation, refuse to perform any additional appeal review and instead rely on its own reviews by Drs. Friedlander, Lahey and Milos. By refusing to review and consider additional information that supports ongoing impairment, Unum has demonstrated its failure to meet its duty of ongoing good faith and fair dealing.

Unum knows, or certainly should know, that it has an ongoing duty of good faith and fair dealing; yet, there is no indication in the claim file that this additional medical documentation has been reviewed from a claims eligibility perspective.

Dr. Friedlander indicated in his deposition that he has not reviewed or opined on additional documentation beyond the dates of his reports from 2021 and was not familiar or aware of Dr. Alberstone or his opinions. Further, Ms. Cartier, the appeals specialist, has indicated that no further appeal reviews have taken place. Failing to fully consider documentation that could support the ongoing payment of a claim is not in compliance with industry good faith claims handling standards or the ongoing duty of good faith and fair dealing.

An insurer's ongoing duty of good faith and fair dealing does not simply end when an eligibility determination is made. Specifically, the duty carries on throughout the claim and even if/when an adverse decision has been made. In Dr. Leung's case, even after the denial of benefits, additional information has been submitted to Unum but yet there is no indication that this information has been reviewed by claims personnel. Specifically, despite Unum having received reports from Dr. Alberstone, MRI images/films, the Workers Compensation file, the Social Security Claim File, and additional medical records in litigation, there is no indication that this information has been reviewed by claims personnel from a benefit eligibility perspective. There is no reasonable explanation for why Unum's claim file would not reflect a full, fair, thorough, ongoing review from a claims perspective in compliance with its ongoing duty of good faith and fair dealing.

After review of the claim file and deposition testimony, there is no evidence to support that Dr. Leung's eligibility for benefits received a full, fair, thorough review in accordance with industry good faith claims handling standards.

As noted previously, there are numerous resources available for insurance companies and their employees to assist with ensuring industry claim handling practices and procedures are followed. Specifically, insurers can utilize market conduct examinations, the NAIC, state insurance departments, and the International Claim Association, to name a few.