MICHAEL B. HORROW (SBN 162917)
NICHOLE D. PODGURSKI (SBN 251240)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: npodgurski@donahuehorrow.com

Attorneys for Plaintiff, RICHARD J. LEUNG, MD

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. LEUNG, MD<br><br>Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 3:22-cv-00767-W-JLB<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSE BY DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA TO REQUEST FOR PRODUCTION OF DOCUMENTS (SET NO. 4)**<br><br>**Magistrate Judge Jill L. Burkhardt** |

## I. THE DOCUMENTS REQUESTED ARE RELEVANT

Defendant Unum Life Insurance Company's ("Unum") opposition to Plaintiff Richard J. Leung's ("Plaintiff" or "Dr. Leung") Motion to Compel claims that documents at issue here are irrelevant and overbroad. Not so.

Federal Rule of Civil Procedure 26(b) provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Evidence is relevant if it has "any tendency" to make a fact that is of consequence in determining the action "more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Each of the Requests at issue here require the production of categories of documents referenced in a document previously produced by Unum pursuant to a protective order entitled "Statement of Work, **Dedicated Medical Officer Review Services**" and the **"Pilot Services Agreement"** (hereinafter collectively referred to as the "SOW") entered into between Unum and Dane Street, LLC ("Dane Street"), the third-party vendor hired by Unum to conduct critical Dr. Leung's medical reviews of Dr. Leung's claim: (**RFP No. 58**) UNUM's Quality Assurance Tool as identified in the Statement of Work; (**RFP No. 59**) UNUM's Quality Assurance Standards to Dane Street as identified in the Statement of Work; (**RFP No. 67**) all monthly monitoring reports between May 2020 and January 2022 as identified in the Statement of Work; (**RFP NO. 68**) all issues and Outcome Reports between May 2020 and Jan 2022 as identified in the Statement of Work; (**RFP No. 76**) all UNUM Companies Supplier Reports between Dane Street and UNUM as identified in the Statement of Work.

Marvin Friedlander, M.D. conducted a "**Dedicated Medical Officer**" review of Dr. Leung's medical records for Dane Street, which was relied upon by Unum to deny Dr. Leung's claim for life-time disability benefits.

California Insurance Code Section 790.03(h)(2) provides: "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. . . . (h) Knowingly committing or performing with such frequency as to indicate a general business practice any of the following unfair claims settlement practices: . . . (3) Failing to adopt and implement **reasonable standards** for the prompt **investigation** and processing of claims arising under insurance policies." "[A]n insurer must investigate claims thoroughly; *it may not deny coverage based on . . . standards known to be improper. . . . Love v. Fire Ins. Exchange*, 221 Cal. App.3d 1136, 1148 (1990), internal citations omitted.

Thus, it has long been the rule in California that claims manuals, standards and guidelines are relevant, discoverable, and admissible at trial. (See, e.g., *Travelers Property Casualty v. Centex Homes*, No. C 11-03638 DMR (N.D. Cal. Apr. 1,

– 2 –

2013);[1] see, also, *Glenfed Development Corp v. Superior Court* (1997) 53 Cal.App.4th 1113, 1117-1119; *Neal v. Farmers Ins. Exchange* (1978) 21 Cal.3d 910, 923, fn. 8; *Downey Savings & Loan Assn v. Ohio Casualty Ins. Co.* (1987) 189 Cal.App.3d 1072, 1082, 1099; *Moore v. American United Life Ins. Co.* (1984) 150 Cal.App.3d 610, 620, fn. 3.) Moreover, even if inadmissible at trial, the documents requested may lead to the discovery of other, relevant evidence that is admissible, and no more is required to justify the demand for its production.

Unum outsourced its investigation into the cause of Dr. Leung's disability to Dane Street. Thus, the SOW, and the documents, procedures, and tools referenced therein, are, in effect, Unum and Dane Streets' claims handling guidelines, standards and/or manual that were required to be followed by Dane Steet and Dr. Friedlander in conducting ythe Dedicated Medical Officer Review of Dr. Leung's medical records. The other documents referenced in the SOW and requested by Plaintiff such as monitoring reports, issues and outcomes reports and supplier reports will, presumably, show whether those guidelines and/or standards were adhered to by Dane Street and Dr. Friedlander. *The SOW of work produced thus far merely tells Plaintiff what is available and the documents at issue herein reveal whether those standards were being utilized and met.* Wouldn't Unum want to show that it abided by these standards when entrusting Dane Street with the review that it relied upon to deny it's insured a lifetime disability benefit? Thus, the documents are relevant to determine whether Dr. Friedlander's review was conducted in accordance with the "quality assurance" guidelines and standards set forth in Unum's and Dane Street's SOW. The documents are also relevant to determine whether there were appropriate guidelines and/or

---

[1] ["the court concludes that the 2008 Guidelines are responsive to Centex's request seeking "all claims-handling guidelines, manuals, policies, procedures and other documents" which discuss Travelers' "practice for responding to tenders in a timely fashion." While Travelers describes the document as "a quality control document" and insists that it is not a "claims handling guideline," (Joint Letter 6), the document provides standards by which supervisors evaluate the performance of claims adjusters and unquestionably reflects claims handling practices. . ."

– 3 –

standards in place at all for the Dedicated Medical Officer Review conducted by Dr. Friedlander, or whether those guidelines and/or standards were biased in favor of Unum and against insureds such as Dr. Leung.

Further, as stated previously, the documents sought go to the issue of bias, which "is almost always relevant." *United States v. Abel,* 469 U.S. 45, 52 (1984); see, also, *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F. 3d 998, 1009-1010 (9th Cir. 2004) [insurance bad faith claims may be based on biased investigations.]; *Black & Decker Disability Plan v. Nord,* 538 U.S. 822, 832 (2003); see, also, *Demer v. IBM Corp. Ltd Plan*, 835 F. 3d 893, 901 (9th Cir. 2016) ("reliance on the reports of its retained experts [independent physician consultants] who have a financial incentive to make findings favorable to MetLife may warrant skepticism"). In this regard, Dane Street has recently submitted a declaration revealing the bias Plaintiff suspected. For a five-year period Dane Street retained Dr. Friedlander **2,191 times** and Dr. Steven Milos **9,143 times**, to perform medical records reviews for Dane Street's clients. This means that Dr. Friedlander reviewed an average of 1.2 cases per day for Dane Street and Dr. Milos reviewed an average of 5 cases per day for Dane Street – and this is including weekends and holidays.

Finally, the fact that Plaintiff has already taken the depositions of Dr. Friedlander, Dr. Milos and 30(b)(6) witnesses misses the point of this discovery. This discovery is targeted at the **relationship between Dane Street and Unum** as Unum has a non-delegable duty to conduct the medical reviews of its insureds' claims. If Dane Street is financially dependent on Unum's business, and Unum feeds Dane Street business without the appropriate checks and balances in place to protect Unum's insureds, then Unum is not complying with its obligations under the law.

Clearly, (**RFP No. 58**) UNUM's Quality Assurance Tool; (**RFP No. 59**) UNUM's Quality Assurance Standards; (**RFP No. 67**) all monthly monitoring reports; (**RFP NO. 68**) issues and Outcome Reports; and (**RFP No. 76**) Companies Supplier Reports, all of which are referenced in the SOW between Unum and Dane Street that

applies to the Dedicated Medical Officer Review of Dr. Leung's medical records conducted by Dr. Friedlander are relevant and discoverable.

## II. UNUM'S OPPOSITION DOES NOT ADDRESS ITS IMPROPER BOILERPLATE OBJECTIONS

Other than to dispute the relevancy of the documents requested by Plaintiff, Unum does not address its boilerplate objections in its opposition papers. The burden lies on the objecting party "to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.,* 189 F.R.D 281, 283 (C.D. Cal. 1998.) Unum has failed to do so. Exclusive reliance on boilerplate objections waives any legitimate objection that could have been raised. *Gorrel v. Sneath*, 292 F.R.D. 629, 634-635 (E.D. Cal. 2013). Unum's boilerplate objections do not meet the specificity standard required by the FRCP 34.

Given the non-compliant nature of Unum's discovery objections, and its failure in response to Plaintiff's Motion to Compel to clarify, explain, and support its objections, Unum's objections should be considered waived and it should be compelled to produce the requested documents.

## III. CONCLUSION

For the reasons set forth herein and in Plaintiff's moving papers, Plaintiff respectfully requests that this Motion to Compel be granted.

Dated: April 20, 2023      DONAHUE & HORROW, LLP

By:    */s/ Nichole D. Podgurski*
MICHAEL B. HORROW
NICHOLE D. PODGURSKI
Attorneys for Plaintiff